# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2022

Lyle W. Cayce
Clerk

No. 21-50407
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABEL PENA-SAENZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-508-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Abel Pena-Saenz appeals his 21-month sentence for transporting illegal aliens for financial gain. He contends that the district court clearly erred by finding that he transported 12 aliens on his second trip as part of the basis for a guidelines enhancement. According to Pena-Saenz, the relevant

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

information in the presentence report (PSR) lacked sufficient indicia of reliability because it was based on the affidavit of a Border Patrol agent who did not participate in detaining or interviewing Pena-Saenz and did not explain how he obtained the information.  Pena-Saenz asserts that the report of the investigation and his own sworn statement did not indicate the number of aliens involved in the second trip.  He also contends that he was not required to rebut the information with his own evidence because it lacked an adequate evidentiary basis with sufficient indicia of reliability.

The evidence in the PSR that Pena-Saenz's second trip involved 12 aliens appeared in the sworn affidavit of a Border Patrol agent filed in support of the criminal complaint.  Based on the record in this case, the district court did not clearly err in finding that the information had sufficient indicia of reliability to support its probable accuracy.  *See United States v. Peterson*, 977 F.3d 381, 396 (5th Cir. 2020); *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019).  The court could consider hearsay evidence, *see United States v. Andaverde-Tinoco*, 741 F.3d 509, 525 (5th Cir. 2013), and reasonably infer that the information was obtained from the agents who personally interviewed Pena-Saenz, *see United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

Because Pena-Saenz did not offer any evidence in rebuttal, the district court was entitled to rely on the evidence in the PSR based on the affidavit. *See United States v. Lucio*, 985 F.3d 482, 488 (5th Cir.), *cert. denied*, 142 S. Ct. 177 (2021); *Peterson*, 977 F.3d at 396.  Accordingly, its finding that the second trip involved 12 aliens was plausible in light of the record as a whole and was not clearly erroneous.  *See United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).  Our decision in *United States v. Elwood*, 999 F.2d 814 (5th Cir. 1993), is distinguishable because the enhancement here is supported by detailed factual information and not simply, as in *Elwood*, 999 F.2d at 817, the conclusory assertion of the probation officer, agents, and prosecutor that the enhancement should apply.

No. 21-50407

Accordingly, the judgment of the district court is AFFIRMED.